# EXHIBIT A

## Case Information

DC-17-05338 | BYRON BAPTISTE vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

Case Number
DC-17-05338
Case Type
CNTR CNSMR COM DEBT

Court
116th District Court
Case Status
OPEN

File Date
05/04/2017

## Party

PLAINTIFF
BAPTISTE, BYRON

Active Attorneys ▼
Lead Attorney
LE, MICHELLE C.
Retained

Work Phone
210-490-7402

Fax Phone
210-490-8372

DEFENDANT
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

Address
BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201

DEFENDANT
COOK, CHRISTOPHER

Address
4105 STEEPLEWOOD COURT
ARLINGTON TX 76016

## Events and Hearings

05/04/2017 NEW CASE FILED (OCA) - CIVIL

05/04/2017 ORIGINAL PETITION ▾

1PLT W ADJ - ALLSTATE.pdf

05/04/2017 CASE FILING COVER SHEET ▾

CC Info Sheet Signed.pdf

05/04/2017 REQUEST FOR SERVICE ▾

Dallas County Citation Request Ltr.pdf

05/04/2017 ISSUE CITATION

05/04/2017 JURY DEMAND

06/13/2017 CITATION ISSUED ▾

DC1705338 ALLSTATE.pdf

DC1705338 COOK.pdf

06/13/2017 CITATION ▾

Anticipated Server
**ESERVE**

Anticipated Method
Actual Server

PRIVATE PROCESS SERVER

Returned
**06/29/2017**
Anticipated Server
**ESERVE**

Anticipated Method
Actual Server
**PRIVATE PROCESS SERVER**

Returned
**07/11/2017**
Comment
**2 ESERVE RR**

06/29/2017 RETURN OF SERVICE ▼

Allstate Vehicle & Property.pdf

    Comment
    **CIT EXEC 6/26/17 TO ALLSTATE VEHICLE AND PROPERTY INS CO**

07/11/2017 RETURN OF SERVICE ▼

Byron Baptiste vs Christopher Cook.pdf

    Comment
    **CITATION - CHRISTOPHER COOK**

## Financial

BAPTISTE, BYRON

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $343.00 |
| | Total Payments and Credits | | | $343.00 |
| 5/5/2017 | Transaction Assessment | | | $343.00 |
| 5/5/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 28746-2017-DCLK | BAPTISTE, BYRON | ($343.00) |

## Documents

1PLT W ADJ - ALLSTATE.pdf

CC Info Sheet Signed.pdf

Dallas County Citation Request Ltr.pdf

DC1705338 ALLSTATE.pdf

DC1705338 COOK.pdf

Allstate Vehicle & Property.pdf

Byron Baptiste vs Christopher Cook.pdf

FILED
DALLAS COUNTY
5/4/2017 2:53:44 PM
FELICIA PITRE
DISTRICT CLERK

Tonya Pointer

CAUSE NO. DC-17-05338 _____

| | | |
|---|---|---|
| BYRON BAPTISTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| V. | § | ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY | § | |
| AND CHRISTOPHER COOK | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff BYRON BAPTISTE, files this Original Petition against ALLSTATE VEHICLE

AND PROPERTY INSURANCE COMPANY ("ALLSTATE" or the "INSURANCE

DEFENDANT"), and CHRISTOPHER COOK ("COOK" or "ADJUSTER DEFENDANT" or

herein collectively as "DEFENDANTS") and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules

of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore,

Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control

plan tailored to the particular circumstances of this suit.

### II.
### PARTIES AND SERVICE

Plaintiff resides in Dallas County, Texas.

Defendant ALLSTATE is in the business of insurance in the State of Texas. The insurance business done by INSURANCE DEFENDANT in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This defendant may be served with personal process, by a process server, by serving its registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201, or wherever else it may be found.

Defendant, CHRISTOPHER COOK, is an individual residing in and domiciled in the State of Texas. This defendant may be served with personal process via personal service at 4105 Steeplewood Court, Arlington, Texas 76016, or wherever else he may be found.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Dallas County, Texas because all or part of the conduct giving rise to the causes of action were committed in Dallas County, Texas and the Plaintiff and property which is the subject of this suit are located in Dallas County, Texas.

Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### FACTS

Plaintiff is the owner of a Texas Homeowner's Insurance Policy (hereinafter referred to

as "the Policy"), which was issued by INSURANCE DEFENDANT.

Plaintiff owns the insured property, which is specifically located at 2210 Colgate Court, Lancaster, Texas 75134,  (hereinafter referred to as "the Property").

INSURANCE DEFENDANT sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, on or about January 11, 2017 under Policy No. 829 630 530 and Claim No. 0442638060, Plaintiff sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same pursuant to the terms of the Policy.  Plaintiff asked that INSURANCE DEFENDANT cover the cost of repairs to the Property pursuant to the Policy.  INSURANCE DEFENDANT failed to conduct a full, fair and adequate investigation of Plaintiff's covered damages.

As detailed in the paragraphs below, INSURANCE DEFENDANT wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, INSURANCE DEFENDANT failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff.

To date, INSURANCE DEFENDANT continues to delay in the payment for the damages to the Property.

INSURANCE DEFENDANT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, INSURANCE DEFENDANT refused to pay the full proceeds of the Policy after its agent, ADJUSTER DEFENDANT conducted an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by Plaintiff. INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract between it

3

and Plaintiff.

Pleading further, INSURANCE DEFENDANT misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. INSURANCE DEFENDANT'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, INSURANCE DEFENDANT did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. INSURANCE DEFENDANT conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, INSURANCE DEFENDANT failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.

4

Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

From and after the time Plaintiff's claim was presented to INSURANCE DEFENDANT, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing.

Additionally, INSURANCE DEFENDANT knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

Because of INSURANCE DEFENDANT'S wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

**V.**

**CAUSES OF ACTION AGAINST INSURANCE DEFENDANT**

**A.   BREACH OF CONTRACT**

INSURANCE DEFENDANT'S conduct constitutes a breach of the insurance contract

between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

**B.     NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

   **1.     UNFAIR SETTLEMENT PRACTICES**

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

INSURANCE DEFENDANT'S unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### 2.    THE PROMPT PAYMENT OF CLAIMS

INSURANCE DEFENDANT'S conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

INSURANCE DEFENDANT'S failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

INSURANCE DEFENDANT'S failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

INSURANCE DEFENDANT'S delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### C.    BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

INSURANCE DEFENDANT'S conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

INSURANCE DEFENDANT'S failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

7

**VI.**
**CAUSES OF ACTION AGAINST ADJUSTER DEFENDANT**

**A.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

Plaintiff re-alleges the foregoing paragraphs.  At all pertinent times, CHRISTOPHER COOK, the ADJUSTER DEFENDANT, was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of the ADJUSTER DEFENDANT and his agents constitute one or more violations of the Texas Insurance Code.  More specifically, the ADJUSTER DEFENDANT has, among other violations, violated the following provisions of the Code:

1.  Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).

2.  Insurance Code chapter 541, section 541.060 by, among other things:

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle the claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide INSURANCE DEFENDANT with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The INSURANCE DEFENDANT assigned the loss and the claim to   who was at all pertinent times the agent of the INSURANCE DEFENDANT, through both actual and apparent authority. The acts, representations and omissions of the ADJUSTER DEFENDANT are attributed to the INSURANCE DEFENDANT.

ADJUSTER DEFENDANT inspected Plaintiff's property on or about January 24, 2017. During the inspection, which only last approximately 30 minutes, ADJUSTER DEFENDANT was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying all of the damage done to Plaintiff's property. During the inspection, ADJUSTER DEFENDANT ignored covered damages to the Property and refused to address all of the damages caused by the loss. Specifically, CHRISTOPHER COOK, ignored covered damages including but not limited to the main house roof and wooden fence. In addition, COOK informed Plaintiff that his roof was on the border of needing a replacement for wind and hail damages but Plaintiff was responsible for patching it himself. Plaintiff informed COOK that he could not find a contractor or handyman who would assist him in any patchwork because the damages were too severe, they would not warranty their work, and he needed a full roof replacement. COOK still refused to assess all the covered roof damages. Moreover, Plaintiff asked COOK to look at the water damages in the attic to which COOK acknowledged the water damage but informed Plaintiff the damages were not severe enough to warrant repairs. Subsequent to the inspection, ADJUSTER DEFENDANT prepared a denial letter on or about January 24, 2017 and a repair estimate, completed on or about January 30, 2017, which vastly under-scoped the actual covered damages to the property, thus demonstrating ADJUSTER DEFENDANT did not conduct a thorough investigation of the claim.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, the ADJUSTER DEFENDANT failed and refused to properly adjust the claim. The ADJUSTER DEFENDANT failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff, failed to timely evaluate the claim, failed to timely and properly estimate the claim, and failed to timely and properly report to the INSURANCE DEFENDANT and make recommendations to the INSURANCE DEFENDANT to address all the covered damages.

The Plaintiff provided information regarding the loss and the claim to the ADJUSTER DEFENDANT. The Plaintiff allowed the ADJUSTER DEFENDANT full and complete access to the property. The Plaintiff provided sufficient information to the ADJUSTER DEFENDANT to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but the ADJUSTER DEFENDANT failed and refused to respond to the inquiries and failed to properly adjust the claim and the loss. As a result of the ADJUSTER DEFENDANT'S inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

The ADJUSTER DEFENDANT'S actions were negligent, reckless, willful and intentional, and were the proximate and producing cause of damages to the Plaintiff.

Where statements were made by the ADJUSTER DEFENDANT, Plaintiff reasonably relied upon them. As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the

foregoing acts or omissions were "knowingly" made, entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by DEFENDANTS as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VIII.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of DEFENDANTS' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE

§542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.

In addition, as to any exclusion, condition, or defense pled by DEFENDANTS, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the DEFENDANTS violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction violates Art. 17.50 of the Texas Business and Commerce Code and is unconscionable and is void as against public policy and was procured by fraudulent inducement;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, DEFENDANTS are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

## X.
## REQUEST FOR DISCLOSURES

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that DEFENDANTS provide the information required in a Request for Disclosure.

## XI.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the INSURANCE DEFENDANT's complete claim file (excluding all privileged portions) in your possession for Plaintiff's property relating to or arising out of any damages caused by the loss for which INSURANCE DEFENDANT opened a claim under the Policy. Please produce a privilege log for any portions withheld on a claim of privilege.

2) Produce all non-privileged emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

3) Produce any complete claim file (excluding all privileged portions) in the INSURANCE DEFENDANT's possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in the Plaintiff's Original Petition, relating to or arising out of any claim for damages which INSURANCE DEFENDANT opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

## XII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER DEFENDANT

1) Produce ADJUSTER DEFENDANT's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of

privilege.

2)  Produce all emails and other forms of communication between INSURANCE DEFENDANT, its agents, adjusters, employees, or representatives and the ADJUSTER DEFENDANT, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in the INSURANCE DEFENDANT'S possession. Please produce a privilege log for any items withheld on a claim of privilege.

## XIII.

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief, the maximum of which is over $200,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that DEFENDANTS be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against DEFENDANTS for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, including the non-monetary relief of declaratory judgment against the INSURANCE DEFENDANT, to which Plaintiff may be justly entitled.

Respectfully submitted,

KETTERMAN ROWLAND & WESTLUND
16500 San Pedro, Suite 302
San Antonio, Texas 78232
Telephone:     (210) 490-7402
Facsimile:     (210) 490-8372


BY:    */s/ Michelle C. Le*
          Michelle C. Le
          State Bar No. 24085427
          Michelle.le@krwlawyers.com
          Kevin S. Baker
          State Bar No. 00797799
          kevin@krwlawyers.com

          ATTORNEYS FOR PLAINTIFF


**PLAINTIFF REQUESTS A TRIAL BY JURY**

15

FILED
DALLAS COUNTY
6/29/2017 9:04 AM
FELICIA PITRE
DISTRICT CLERK

Dianne Coffey



# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

**To:**

    **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY**
    **BY SERVING REGISTERED AGENT CT CORPORATION SYSTEM**
    **1999 BRYAN STREET SUITE 900**
    **DALLAS TX 75201**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BYRON BAPTISTE**

Filed in said Court **4th day of May, 2017** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND CHRISTOPHER COOK**

For Suit, said suit being numbered <u>**DC-17-05338,**</u> the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURES, PRODUCTION,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of June, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

        By_____ /s/ RITA Rodgers _____, Deputy
           RITA RODGERS

---

**ESERVE**

**CITATION**

**DC-17-05338**

**BYRON BAPTISTE**
vs.
**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al**

ISSUED THIS
**13th day of June, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: RITA RODGERS, Deputy

**Attorney for Plaintiff**
MICHELLE C. LE
KETTERMAN ROWLAND &
WESTLUND
16500 SAN PEDRO SUITE 302
SAN ANTONIO TX 78232
210-490-7402

**DALLAS COUNTY
SERVICE FEES
NOT PAID**

# OFFICER'S RETURN

Case No. : DC-17-05338

Court No.116th District Court

Style: BYRON BAPTISTE

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

Came to hand on the ___23___ day of ___JUNE___, 20 _17_, at _2:00_ o'clock _P_ .M. Executed at _1999 BRYAN, #900, DALLAS TE_
within the County of _DALLAS_ at _9:00_ o'clock _A_ .M. on the _26_ day of _JUNE_
20_17_, by delivering to the within named
_ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY_

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by
me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _Eby Bravo - SCH2065 - 9.30.2018_ |
| For mileage | $_____ | of _Dallas_ County, _____ |
| For Notary | $_____ | By _____ ~~Deputy~~ _PROCESS SERVER_ |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____ day of _____, 20 _____.

to certify which witness my hand and seal of office.

Notary Public_____County_____

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ALSTATE VEHICLE & PROPERTY
CT CORPORATION
1999 BRYAN, # 900
DALLAS, TX 75201

9590 9402 3083 7124 7622 74

2. Article Number (Transfer from service label)

7016 1370 0000 1996 7250

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)      C. Date of Delivery

Chris Wells      JUN 2 6 2017

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
**Domestic Mail Only**

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee   $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required      $
☐ Adult Signature Restricted Delivery   $

Postmark
Here

JUN 14 2017
SAN ANTONIO, TX 78247

Postage   $

Total Postage and Fees
$

Sent To   ALSTATE VEHICLE & PROPERTY
Street and Apt No., or PO Box No.   1999 BRYAN, # 900
City, State, ZIP+4®   DALLAS, TX 75201

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7016 1370 0000 1996 7250

FILED
DALLAS COUNTY
7/11/2017 12:10 PM
FELICIA PITRE
DISTRICT CLERK

Nicholas Zaragoza



# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**CHRISTOPHER COOK**
**4105 STEEPLEWOOD COURT**
**ARLINGTON, TEXAS 76016, OR WHEREVER ELSE HE MAY BE FOUND**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **116th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BYRON BAPTISTE**

Filed in said Court  **4th day of May, 2017** against

**ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND CHRISTOPHER COOK**

For Suit, said suit being numbered <u>DC-17-05338,</u> the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition **REQUEST FOR DISCLOSURES, PRODUCTION**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 13th day of June, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____ /s/ RITA Rodgers _____, Deputy
        RITA RODGERS



---

**ESERVE**

**CITATION**

DC-17-05338

**BYRON BAPTISTE**
**vs.**
**ALLSTATE VEHICLE AND PROPERTY**
**INSURANCE COMPANY, et al**

ISSUED THIS
**13th day of June, 2017**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  RITA RODGERS, Deputy

---

**Attorney for Plaintiff**
MICHELLE C. LE
KETTERMAN ROWLAND &
WESTLUND
16500 SAN PEDRO SUITE 302
SAN ANTONIO TX  78232
210-490-7402

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

# OFFICER'S RETURN

Case No. : DC-17-05338

Court No.116th District Court

Style: BYRON BAPTISTE

vs.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, et al

Came to hand on the _____ 23 _____ day of _____ JUNE _____, 20 17, at 2 00 o'clock P .M. Executed at _____.

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | | |
|---|---|---|---|
| For serving Citation | $_____ | _____ | |
| For mileage | $_____ | of_____County, _____ | |
| For Notary | $_____ | By_____Deputy | |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

**Dallas County TX**

**Cause No. DC-17-05338.**

**Byron Baptiste**

                              **Plaintiff**

**VS**

**Allstate Vehicle and
Property Insurance Company
and Christopher Cook**

                              **Defendant**

DOCUMENT(S) DELIVERED:    a true copy of CITATION with Plaintiff's Original Petition
Defendant Christopher Cook

## Affidavit of Service

I, **Charlie T. Davis**, make statement to the fact, that I am competent person more than 18 years of age or older and not a party to this action nor interested in the outcome of this suit. I am a certified private process server authorized by the Supreme Court of Texas and remain in good standing. I received the Document(s) stated below on **07/04/2017** at **9:00 AM** instructing for same to be delivered upon: **Christopher Cook.**

That I delivered to:          Christopher Cook

At the address of:          4105 Steeplewood Court Arlington Texas 76016

On this date and time          July 7, 2017 @ 12:00 PM

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true, correct, and within my personal knowledge.

Charlie T. Davis          SCH 11766; Exp: 12/31/2018
Charlie Horse Process Service
PO Box 704 Alba, TX 75410
903-880-2001   chpsdt.com     chpsdt@gmail.com

State of Texas County of Rain

Sworn to and subscribed before me on the 10th of July 2017.

Notary Public, State of Texas.

_Stacie Clark_
Notary Print Name

STACIE CLARK
MY COMMISSION EXPIRES
September 16, 2018